Gary Alan JANES, Petitioner—Appellant,

v.

Guy HALL, Respondent—Appellee.

No. 05–36034.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2006.*

Decided Sept. 15, 2006.

for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**564**

Francesca Freccero, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lynn D. Larsen, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: HAWKINS, SILVERMAN, and GOULD, Circuit Judges.

### MEMORANDUM**

Oregon prisoner Gary Allen Janes appeals the denial of his habeas corpus petition, claiming that his lawyer rendered ineffective assistance in failing to object to the trial judge's supplemental jury instructions and in failing to request additional instructions after the jury purported to return a verdict with less than the requisite number assenting. He also claims that the state court's factual determination

** This disposition is not appropriate for publication and may not be cited to or by the

that his trial defense counsel was constitutionally adequate was unreasonable.

In post-conviction proceedings, the state court ruled that there was no ineffective assistance of counsel. Having found that at least ten jurors had not agreed to the verdict, the trial judge merely reminded the jury of the court's previous instruction—that ten jurors are required to acquit or convict. Because the judge's instruction was not coercive, counsel was not ineffective in failing to object or in declining to request additional instructions. *See Juan H. v. Allen,* 408 F.3d 1262, 1273 (9th Cir.2005).

The state court's decision was not contrary to and did not involve an unreasonable application of clearly established Federal law, and was not an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

AFFIRMED.